1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JACOB BARR, et al.,                              No. 2:13-CV-2087-JAM-CMK

12                  Plaintiffs,

13          vs.                                      FINDINGS AND RECOMMENDATIONS

14   WELLS FARGO BANK, N.A.,

15                  Defendant.

16   _____/

17                  Plaintiffs, who are proceeding pro se, bring this civil action for damages and

18   declaratory relief.   Pending before the court is defendant's motion to dismiss (Doc. 15).

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

1

# I.  PLAINTIFFS' ALLEGATIONS

Plaintiffs accept the following statement of facts drawn from plaintiffs' complaint and as set forth in defendant's brief:[1]

### A.    Plaintiff' Financing History

Plaintiffs Jacob P. Barr and Shawna L. Barr (the "Barrs") purchased the real property at 507 South Old Stage Road in Mt. Shasta, California, in June 2008.  (citations to defendant's request for judicial notice, Doc. 29, omitted).[2]  The Barrs financed their purchase with a loan secured by a deed of trust.

At the same time, the Barrs obtained a home equity line of credit ("HELOC") evidenced by an account agreement and secured by a short-term, open-ended deed of trust, which by its terms incorporated a master form deed of trust recorded in 2007.

In December 2008, the Barrs refinanced their original loan with a $417,000 loan from Wells Fargo (the "First Loan"), evidenced by a promissory note and secured by a deed of trust.

### B.    Plaintiffs' "Offer to Pay the Claim": The HELOC

On or about June 20, 2013, plaintiff Robert Warren ("Warren") sent Wells Fargo a letter with a subject line that began, "Offer to pay the claim. . .," that referred to the Barrs' HELOC.  Enclosed with this letter was a document titled "International promissory note" bearing the Barrs' HELOC account number and a payment coupon.

On July 30, 2013, Warren "tendered" a document asserting that Wells Fargo "has accepted the OFFER as of June 28, 2013."

On or about August 5, 2013, Wells Fargo responded with a letter to the Barrs advising:

> The document that you submitted for payoff or
> elimination of the above reference[d] loan does not
> meet the terms of your note and mortgage loan that

---

[1]    In their motion to strike portions of defendant's motion as well as their brief in opposition to defendant's motion, plaintiffs state: "We include the factual history here as stated in the complaint and include the factual history as stated in the DEFENDANTS-MEMORANDUM."

[2]    Defendant requests (Doc. 16) that the court judicially notice various documents which are either matters of public record or attached to or referred to in the complaint.  Plaintiffs have not filed any objection to defendant's request.  Because the court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record, see U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008), and because the court may consider documents incorporated by reference in or attached to the complaint, see Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), defendant's request should be granted.

obligates you as the borrowers to repay the loan in
US currency.  The item you submitted is not legal
tender and will not be accepted now or in the future
as payment on the note and mortgage.

In communications to Wells Fargo dated August 19, 2013, the Barrs wrote, "We have been notified by Mr. Robert Warren that Wells Fargo has accepted the payment of $219,284.42 on the ACCOUNT.  This payment has not been credited to the ACCOUNT."

Wells Fargo responded by letter dated August 27, 2013, advising the Barrs that their prior correspondence provided "no basis for any debt relief, set-off, or payment" and that their HELOC account was past-due by one month.

The Barrs tendered a check to bring their HELOC current one week later.

**C.     Plaintiffs' "Offer to Pay the Claim": The First Loan**

On or about June 24, 2013, Warren sent Wells Fargo a letter with a subject line that began, "Offer to pay the claim. . .," that referenced the account number for the Barrs' First Loan.  Enclosed with this letter was a document titled "International promissory note" that bore the Barrs' names and the account number for the Loan.

Wells Fargo responded to the foregoing with a letter dated July 10, 2013, that advised the Barrs that the document they had submitted to pay off their loan "is not legal tender and will not be accepted now or in the future as payment on the note. . . ."

On July 30, 2013, Warren "tendered" a document titled "Notice of Acceptance of OFFER" asserting that Wells Fargo's "failure to return or dishonor" the "International promissory note" operated as an acceptance of the "offer."

When plaintiffs received statements for their Loan that did not reflect the amounts shown in the "International promissory note" as having been credited to their account, they engaged in a further correspondence with Wells Fargo, requesting a "certified electronic forensic audit" of their account "to determine the disposition of the payment" made by way of the "International promissory note."

**II.  STANDARD FOR MOTION TO DISMISS**

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

1  ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

2  395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

3  factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50

4  (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by

5  lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

6          Rule 8(a)(2) requires only "a short and plain statement of the claim showing that

7  the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is

8  and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)

9  (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for

10 failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic

11 recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

12 raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain

13 "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has

14 facial plausibility when the plaintiff pleads factual content that allows the court to draw the

15 reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at

16 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

17 than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S.

18 at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,

19 it 'stops short of the line between possibility and plausibility for entitlement to relief." Id.

20 (quoting Twombly, 550 U.S. at 557).

21          In deciding a Rule 12(b)(6) motion, the court generally may not consider materials

22 outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

23 Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)

24 documents whose contents are alleged in or attached to the complaint and whose authenticity no

25 party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

26 and upon which the complaint necessarily relies, but which are not attached to the complaint, see

4

1  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

2  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

3  1994).

4         Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

5  amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

6  curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

7

8  **III.  DISCUSSION**

9         Defendant argues that the complaint fails to state any claim upon which relief can

10  be granted.  The court agrees.  In the complaint, plaintiffs assert jurisdiction based on the

11  existence of a federal question.  Plaintiffs allege the following under the heading "Claim for

12  Relief": (1) the documents they tendered are "deposits" under federal treaty law; and (2) by

13  refusing to accept the documents as payments, defendant violated various provisions of the

14  California Commercial Code.  Plaintiffs do not allege anywhere in the complaint how

15  defendant's conduct violated any federal law or the U.S. Constitution.  Accepting as true

16  plaintiffs' allegation that their financial documents are in fact "deposits" under valid federal law,

17  plaintiffs allege only violations of California law with respect to defendant's refusal to accept

18  those documents as payment on either the HELOC or First Loan.[3]

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  ————————————————

26     [3]   The court expresses no opinion as to whether the complaint states any claims under state law.

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.      Defendant's unopposed request for judicial notice (Doc. 16) be granted;

2.      Defendant's motion to dismiss (Doc. 15) be granted; and

3.      This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:  August 14, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE